IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW J. CROUCH           :

    v.                    :   Civil Action No. DKC 09-2544

CITY OF HYATTSVILLE, MARYLAND,
et al.                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are two motions. First, Defendant William Gardiner has filed a motion to dismiss or, alternatively, for summary judgment (ECF No. 41), which remains unopposed as of this signature date. Second, Plaintiff Matthew Crouch has filed a "motion to alter and amend the judgment" (ECF No. 44), which asks the court to reverse certain aspects of its memorandum opinion and order on September 15, 2010 (ECF Nos. 34 & 35). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Gardiner's motion will be granted and Crouch's motion will be denied.

**I. Background**

As the court explained in its earlier opinion (ECF No. 34), Plaintiff Matthew J. Crouch alleges that he was the victim of excessive force and an unlawful arrest on the morning of September 29, 2008. According to Crouch, former Hyattsville

Police Officer Todd Prawdzik launched a brutal and unprovoked attack on Crouch, during which he "pistol-whipped" Crouch to unconsciousness. Crouch maintains that, after the attack, several parties acted in concert to conceal evidence of the incident and pursue a malicious prosecution against him.

Crouch originally filed a complaint in this court on September 29, 2009 (ECF No. 1), which asserted twelve counts against eleven defendants. In a memorandum opinion dated September 15, 2010, the court dismissed several of these claims. (ECF No. 34). Of particular note here, the court determined that two negligence-based claims against Hyattsville mayor William Gardiner and Hyattsville police chief Douglas Holland (counts seven and eight) were barred by public official immunity, while certain intentional tort claims were not. (ECF No. 34, at 10-14). The court also dismissed all claims against the State of Maryland ("the State"), Glenn Ivey (the State's Attorney for Prince George's County), and a Jane Doe Assistant State's Attorney (collectively, "the State Defendants"). Such counts failed to state a claim and were barred by the Eleventh Amendment or prosecutorial immunity. (*Id.* at 14-21).

In the same opinion, the court granted Crouch leave to file an amended complaint that stated additional facts concerning the remaining defendants and claims. (*Id.* at 21-26). The court

determined, however, that Crouch would not be permitted to use the amended complaint to reinstate claims against dismissed defendants. Finally, the court denied Crouch's request for leave to file a new claim under 42 U.S.C. § 1985. (*Id.*).

The following claims and defendants now remain in the Amended Complaint:

- Count I: Excessive force pursuant to 42 U.S.C. § 1983, asserted against Prawdzik;

- Count II: False arrest, asserted against Prawdzik;

- Count III: False imprisonment, asserted against Prawdzik;

- Count IV: Assault, asserted against Prawdzik;

- Count V: Battery, asserted against Prawdzik;

- Count VI: Malicious prosecution, asserted against Prawdzik, Corporal Kirk Pile, Lieutenant Mark Roski, and a John Doe police officer;

- Count IX: Defamation, asserted against Prawdzik and Gardiner;

- Count X: False light, asserted against Prawdzik and Gardiner;

- Count XI: Intentional infliction of emotional distress, asserted against Prawdzik and Gardiner; and

- Count XIII: State constitutional claims under Articles 24 & 26 of the Maryland Declaration of Rights, asserted against Prawdzik, Gardiner, and the City of Hyattsville.

Shortly after the court issued its opinion, on September 29, 2010, Gardiner filed a motion to dismiss or, alternatively,

for summary judgment as to the remaining claims against him. (ECF No. 41). As noted above, that motion is apparently unopposed. On October 13, 2010, Crouch filed a "motion to alter or amend" which requests that: (1) the negligence-based claims be reinstated against Holland and Gardiner; (2) the claims against the State Defendants be reinstated; and (3) Crouch be permitted "to freely amend to conform the Complaint to newly-emerging evidence." (ECF No. 44-1, at 7). Holland, Gardiner, and the State Defendants all oppose. (ECF Nos. 45 & 47).

**II. Motion to Alter or Amend**

Crouch has moved to alter or amend the court's prior "judgment" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The court's prior decision, however, was not a final judgment and Rule 59(e) does not apply. Rather, Rule 54(b) governs reconsideration of interlocutory orders that do not constitute final judgments in a case. That rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment adjudicating all the claims." Fed.R.Civ.P. 54(b). Because the court's prior decision did not adjudicate all of Plaintiff's claims, it falls under the scope of Rule 54(b). *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).

In the Fourth Circuit, the precise standard that should govern a motion such as this one is somewhat unclear. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). For instance, the Rule 60(b) standard does not bind the court on motion to a reconsider an interlocutory order. *Id.* at 1470; *Am. Canoe Ass'n*, 326 F.3d at 514. Even so, courts sometimes use the Rule 60(b) factors – newly discovered evidence, excusable neglect, etc. – as "guideposts" in deciding when to reconsider an earlier decision. *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 291 (D.Md. 2008). "Doctrines such as law of the case . . . have [also] evolved as a means of guiding [the court's] discretion." *Am. Canoe Ass'n*, 326 F.3d at 515.

With those principles in mind, the court concludes that it would be inappropriate to reconsider its prior decision here. As an initial matter, the motion is untimely. Local Rule 105.10 provides that "any motion to reconsider any order issued by the court shall be filed with the Clerk not later than fourteen (14) days after entry of that order." The court's memorandum opinion was issued on September 15, 2010; Crouch's motion came 28 days later on October 13, 2010.

Even if the motion had been timely, it would not support reconsideration. Crouch cites to a page of the Amended

5

Complaint and states that it provides enough facts to "raise the inference of malice to defeat public official immunity." (ECF No. 44). The court has already reviewed the Amended Complaint and decided otherwise. An argument like this one - which essentially invites the court to change its mind – gives too little weight to the law of the case and is not a proper ground for reconsideration, even under the Rule 54(b) standard. Such arguments were available at the time of the initial motion and Crouch should have made them then.

Crouch also offers certain "newly discovered evidence." According to Crouch, new evidence "demonstrates beyond reasonable dispute that the Office of the State's Attorney spoliated all the evidence in the case," such that the State Defendants should be stripped of prosecutorial immunity. (ECF No. 44, at 2). Crouch ignores two important facts: (1) the Eleventh Amendment would still protect the State from liability (ECF No. 34, at 15-16); and (2) "[e]ven if prosecutorial immunity did not apply, [Crouch] . . . inadequately pled each of his claims against [the remaining State Defendants]." (*Id.* at 17-21). Any spoliation is irrelevant.

Crouch also says that he "has learned that specific documentation exists" that purportedly shows that Holland was "aware of the failure of the Hyattsville Police Department to

6

comply with its own general orders." (ECF No. 44-1, at 2). Crouch believes this evidence would be enough to defeat Holland's and Gardiner's claims of qualified immunity; as such, he should be permitted to amend his complaint to plead those facts. (*Id.* at 4). Quite obviously, these facts have nothing to do with Gardiner. Even as to Holland, however, Crouch fails to explain in any way how such facts would indicate that Holland acted with a hate-driven, willful intent to harm Crouch. *Thacker v. City of Hyattsville*, 135 Md.App. 268, 300 (2000) ("Malice can be established by proof that the [individual] intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." (quotation marks omitted)). Even viewing them in the best possible light, such facts do not reflect a specific intent to harm Crouch. Therefore, given the general irrelevance of Crouch's proffered facts, reconsideration must be denied.

## III. Motion to Dismiss

### A. Standard of Review

Gardiner has moved to dismiss the claims remaining against him.[1] The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

---

[1] The court treats Gardiner's motion as a motion to dismiss because it may be resolved without reference to matters outside the complaint.

8

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B. Analysis**

Four claims remain against Gardiner. The court will address each in turn.

First, Crouch's defamation and false light claims against Gardiner must be dismissed. As the court explained in its prior opinion, Crouch must establish four elements to present a *prima face* case of defamation under Maryland law: "(1) the defendant made a defamatory statement to a third person, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff thereby suffered harm." *Offen v. Brenner*, 402 Md. 191, 198 (2007). To establish a *prima facie* case of false light under Maryland law, Crouch must show: (1) the false light in which he was placed would be highly offensive to a reasonable person; and (2) Gardiner had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Crouch would be placed. *Holland v. Psychological Assessment Res., Inc.*, 482 F.Supp.2d 667, 681 (D.Md. 2007) (internal citations and quotations omitted).

Although the complaint is not perfectly clear on the matter, Crouch's claims apparently stem from the publication of certain facts relating to his arrest on a database containing criminal history records. (*See* ECF No. 36 ¶ 66). This

database, called the Maryland Criminal Justice Information System ("CJIS"), includes certain law enforcement data – such as arrest dates, release dates, etc. – that law enforcement agencies are required by law to provide. *See* Md. Code. Ann., Crim. Proc. §§ 10-214, 10-215. Crouch's claims might also stem from the publication of criminal case data on the Maryland Judiciary Case Search ("MJCS"), which reports certain information about cases in the Maryland judiciary.

The court has already dismissed similar false light and defamation claims against the State Defendants. The same reasons justifying dismissal against those Defendants require the court to dismiss the claims against Gardiner. As the court then explained, "Plaintiff's complaint is missing a basic element of both torts: falsity. Although the charges against Plaintiff were ultimately dropped, he was in fact charged with a crime and the publication of that fact on MJCS [or CJIS] was not false." (ECF No. 34, at 19). Without some allegation that MJCS or CJIS reported a fact that was not true (*i.e.*, reported events that did not occur), the amended complaint does not state a claim for defamation or false light.[2]

---

[2] Because the court concludes that the Amended Complaint does not state a claim for defamation or false light, the court need not consider Gardiner's additional arguments that he would also be entitled to absolute or qualified immunity.

Second, the Amended Complaint does not state a claim for intentional infliction of emotional distress. To recover for intentional infliction of emotional distress, Crouch must be able to show that Gardiner's conduct was (1) intentional or reckless, (2) extreme and outrageous, (3) causally connected to Crouch's emotional distress, and (4) the distress caused was severe. *Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 701 (2003) (citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). "Each of these elements must be pled and proved with specificity. It is not enough for a plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist." *Foor v. Juvenile Servs. Admin.*, 78 Md.App. 151, 175 (1989); *see also Arbabi v. Fred Myers, Inc.*, 205 F.Supp.2d 462, 466 (D.Md. 2002).

Although it conclusorily states that "Defendants' conduct was intentional, reckless, and in deliberate disregard to a high probability that emotional distress would result," the Amended Complaint does not provide facts evidencing *any* outrageous conduct by Gardiner. (ECF No. 36 ¶ 74). Indeed, the only discussion of conduct specific to Gardiner relates to his alleged publication of case information on the databases already discussed. That conduct does not even begin to "strike to the very core of one's being, threatening to shatter the frame upon

which one's emotional fabric is hung." *Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 59-60 (1986).

Moreover, Crouch has insufficiently alleged that Gardiner's conduct caused Crouch the requisite degree of emotional distress. "In order for distress to be sufficiently severe to state a claim for intentional infliction of emotion distress, the plaintiff must show that he suffered a severely disabling emotional response to the defendant's conduct, and that the distress was so severe that no reasonable man could be expected to endure it." *Thacker*, 135 Md.App. at 315 (quotation marks and brackets omitted). Crouch states that he suffers from the "neuro-psychiatric effects of [traumatic brain injury," in addition to depression, fear, and emotional torpor. (ECF No. 36 ¶¶ 75-76). But there is no indication that Gardiner's acts in particular caused these effects and certainly no indication that the effects were so severe as to stop Crouch from continuing with "normal life activities." *Thacker*, 135 Md.App. at 316.

In asserting his claim for intentional infliction of emotional distress, Crouch goes to great lengths to emphasize the extreme nature of Prawdzik's actions. (*Id.* ¶ 75). That may be so, but Prawdzik's deeds may not be imputed to Gardiner merely by dubbing Prawdzik Gardiner's "agent." (*Id.*). The court recognizes that such references are an attempt to invoke

13

the doctrine of *respondeat superior*. "The doctrine of *respondeat superior* is, of course, a means of holding employers, including local governments, vicariously liable for the tortious conduct of an employee acting within the scope of his/her employment." *Serio v. Baltimore Cnty.*, 384 Md. 373, 397 (2004). "For an employee's tortious acts to be considered within the scope of employment, the acts must have been in furtherance of the employer's business and authorized by the employer." *S. Mgmt. Corp. v. Taha*, 378 Md. 461, 481 (2003). The Amended Complaint alleges that several Defendants, including Gardiner, are liable for the acts of Prawdzik and other Hyattsville police officers. But the complaint is entirely devoid of facts – as opposed to unsupported legal conclusions – that the officers were Gardiner's agents and acted within the scope of that agency relationship when they committed the acts at issue here. Without more, there can be no *respondeat superior* liability.

Third, and finally, Crouch's claim under Articles 24 and 26 of the Maryland Declaration of Rights must be dismissed against Gardiner. Here again, Crouch fails to provide any facts that actually implicate Gardiner.[3] Instead, the Amended Complaint

---

[3] The court looks only to facts directly implicating Gardiner because, as explained, the Amended Complaint does not provide facts establishing *respondeat superior* liability.

14

speaks only to the purportedly unlawful seizure committed by Prawdzik and then imputes liability to "the Hyattsville City Police Department and the said Defendants." (ECF No. 36 ¶ 84). Crouch cannot impose liability on Gardiner and the other Defendants merely by grouping them together with the central wrongdoer. *See, e.g.*, *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F.Supp.2d 452, 455 (D.Md. 2005) ("A plaintiff does not satisfy Rule 8 when the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.'" (quoting *Appalachian Enters., Inc. v. Epayment Solutions Ltd.*, No. 01-CV-11502, 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004)). The state constitutional claims against Gardiner will be dismissed.

**IV. Conclusion**

For the foregoing reasons, Gardiner's motion to dismiss will be granted and Crouch's motion to "alter or amend" will be denied.

/s/
DEBORAH K. CHASANOW
United States District Judge

15