IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

MATTHEW CROUCH

:

v.                              :   Civil Action No. DKC 09-2544

:

CITY OF HYATTSVILLE, et al.,

:

**MEMORANDUM OPINION**

Presently pending and ready for review in this civil rights case are motions for summary judgment filed by Defendants Kirk Pile, Mark Roski, and Todd Prawdzik.  (ECF Nos. 124, 126).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the joint motion of Corporal Pile and Lieutenant Roski motion for summary judgment will be granted, and the motion of Officer Prawdzik for summary judgment will be granted in part and denied in part.

**I.   Background[1]**

**A.   Factual Background**

Shortly after midnight on the morning of September 29, 2008, Plaintiff and his friend Joseph Anthony Heidenberg drove

---

[1] As three opinions in this case have come before this, some familiarity with the facts is assumed.  *See Crouch v. City of Hyattsville*, No. DKC 09-2544, 2012 WL 718849 (D.Md. Mar. 5, 2012); No. DKC 09-2544, 2010 WL 3653345 (D.Md. Sept. 15, 2010); *Crouch v. City of Hyattsville*, No. DKC 09-2544, 2010 WL 4868100 (D.Md. Nov.23, 2010).

from College Park to the home of one of their friends in Hyattsville by way of Queensbury Road. They parked on 41st Avenue near their friend's house. After finding that their friend was not home, they returned to their car. At that point, they saw a red truck fail to stop at a stop sign at the corner of Queensbury Road and 41st Avenue, and they began to shout and gesture to the truck to slow down. The driver of the truck stopped in the middle of 41st Avenue to confront them.

Heidenberg approached the truck to tell the driver to go away when a white male — later identified as Defendant Todd O. Prawdzik — jumped out with a handgun pointed at Heidenberg. According to the complaint, Prawdzik "began to assault Heidenberg repeatedly." (ECF No. 36 ¶ 19). Plaintiff then approached, at which point Prawdzik identified himself as an off-duty Hyattsville police officer and pointed his gun at Plaintiff. Plaintiff raised his hands in the air to "surrender," but Prawdzik still "physically attacked [Plaintiff] to effect his arrest, striking him multiple times about the head with his handgun." (*Id.*). Plaintiff sustained severe open head trauma, was rendered unconscious, and bled profusely. A neighbor in the area called 911 to report the incident. Corporal Pile — the first officer to make it to the scene — took Officer Prawdzik's gun from him and requested medical assistance for Mr. Crouch. After Plaintiff left the scene, Corporal Pile

2

interviewed Officer Prawdzik, who told him that an object flew across his windshield, and that Mr. Crouch punched him in the head after Officer Prawdzik was forced to subdue Mr. Heidenberg. Corporal Pile also observed a contusion on Officer Prawdzik's head, for which he was transported to the hospital and was treated. Because Mr. Crouch was upset at the scene of the incident, Corporal Pile did not interview him.

An ambulance transported Plaintiff to Washington Hospital Center, where he was treated for lacerations, open-head trauma, and other injuries. Corporal Pile applied for an arrest warrant for Mr. Crouch. Mr. Crouch was later released to the District of Columbia Metropolitan Police Department and taken to the Fifth District precinct.

At the police station, Plaintiff became ill from lack of insulin, as he is an insulin-dependent diabetic. On September 30, 2008, after his initial appearance, Plaintiff was taken to Providence Hospital for treatment for his diabetes. Later, he was taken back to the Fifth District to await further proceedings. During those proceedings, Plaintiff lost consciousness. He was admitted to Howard University Hospital, where he was diagnosed with diabetic ketoacidosis from high blood glucose levels. Plaintiff was released from the hospital on October 8, 2008.

Following Plaintiff's release, he experienced "persistent attacks of post-traumatic anxiety" and has been under the care of a neuro-psychiatrist for treatment for his head trauma. After Mr. Crouch was arrested, and upon hearing that Mr. Heidenberg provided an alternate version of events to Prince George's County police officers, Lieutenant Roski investigated the altercation further. This ultimately turned into a formal internal investigation of Officer Prawdzik.

B. **Procedural Background**

On September 29, 2009, Plaintiff filed a complaint in this court asserting twelve causes of action against eleven total defendants. (ECF No. 1). As a result of two motions to dismiss (ECF Nos. 5, 7), several Defendants were dismissed from the case, and some counts were dismissed as to the remaining Defendants (ECF No. 35). At the same time, Plaintiff was granted leave to file an amended complaint. (*Id.*). After a third motion to dismiss by certain Defendants was granted (ECF No. 49), the following Defendants remained in the case: (1) City of Hyattsville; (2) Prawdzik; (3) Corporal Kirk Pile; (4) John Doe Police Officer; and (5) Lieutenant Mark Roski. The following claims remain: violation of civil rights under 42 U.S.C. § 1983, false arrest, false imprisonment, assault, battery, defamation, false light, and intentional infliction of emotional distress against Prawdzik alone; malicious prosecution

against Prawdzik, Pile, Roski, and the John Doe Police Officer; and state constitutional claims under Articles 24 and 26 of the Maryland Declaration of Rights against City of Hyattsville.

Defendant Prawdzik filed the pending motion for partial summary judgment on Plaintiff's claims for malicious prosecution, defamation, false light invasion of privacy, and intentional infliction of emotional distress ("IIED"). Defendants Pile and Roski move for summary judgment on the malicious prosecution claim remaining against them.

## II.  Standard of Review

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir.

2003) (quoting former Fed.R.Civ.P. 56(e)).  "A mere scintilla of
proof . . . will not suffice to prevent summary judgment."
*Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).   "If the
evidence is merely colorable, or is not significantly probative,
summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at
249-50 (citations omitted).   At the same time, the facts that
are presented must be construed in the light most favorable to
the party opposing the motion.  *Scott v. Harris*, 550 U.S. 372,
378 (2007); *Emmett*, 532 F.3d at 297.

## III. Analysis

### A.   Malicious Prosecution

Officer Prawdzik, Corporal Pile, and Lieutenant Roski each
seek summary judgment on Plaintiff's malicious prosecution
claims.  All three Defendants argue that probable cause existed
to arrest Plaintiff for assault, that they lacked malice in
arresting him, and that they are entitled to immunity.  Officer
Prawdzik argues that he did not institute a criminal proceeding
against Plaintiff.

The elements of malicious prosecution require Plaintiff to
show: (1) the defendant instituted a criminal proceeding against
the plaintiff; (2) the criminal proceeding was resolved in the
plaintiff's favor; (3) the defendant did not have probable cause
to institute the proceeding; and (4) the defendant acted with
malice or a primary purpose other than bringing the plaintiff to

justice. *Hines v. French*, 157 Md.App. 536, 553 (2004); *see also Okwa v. Harper*, 360 Md. 161, 183 (2000). "[The plaintiff] must produce evidence with regard to all four elements of malicious prosecution in order successfully to oppose a motion for summary judgment." *Nasim v. Tandy Corp.*, 726 F.Supp. 1021, 1024 n. 4 (D.Md. 1989).

### 1.   Officer Prawdzik

Because a reasonable jury may conclude that Officer Prawdzik presented false information to the prosecuting officers regarding the altercation, summary judgment is inappropriate as to Plaintiff's malicious prosecution claim against him.

### a.   Initiation of Criminal Proceeding

As a threshold matter, it is irrelevant that Officer Prawdzik did not swear out the arrest warrant for Plaintiff because an individual may still be liable when he "inspire[s] in any fashion a criminal preceeding against the (plaintiff) within the contemplation of the law of torts." *Smithfield Packing Co., Inc. v. Evely*, 169 Md.App. 578, 593 (2006) (quoting *Wood v. Palmer Ford, Inc.*, 47 Md.App. 692, 701-02 (1981)); *see also Safeway Stores v. Barrack*, 210 Md. 168, 173 (1956) (holding that malicious prosecution claim should be presented to the jury because, even though the defendant did not swear out a warrant, he was "the moving cause of [the plaintiff's] subsequent imprisonment"). Further, a defendant cannot be held liable for

malicious prosecution if he makes a "full disclosure of all material facts relative to the charges being made." *Id.* at 594 (citing *Brown v. Dart Drug Corp.*, 77 Md.App. 487, 493 (1989)); *see also Nasim*, 726 F.Supp. at 1025 (noting that "the mere provision of information to the authorities does not constitute instituting or continuing a criminal proceeding," and that "citizens should be encouraged to assist and to participate in the enforcement of the criminal law without thereby themselves incurring civil liability") (citations omitted). Conversely, if a defendant "gave information which he knew to be false and so unduly influenced the authorities, he may be held liable" for malicious prosecution. *Wood*, 47 Md.App. at 700; *see also Fernandes v. Montgomery Cnty.*, No. 10-0752, 2012 WL 1664086, at *4 (D.Md. May 10, 2012) (noting that a defendant is responsible for initiating a proceeding for purposes of a malicious prosecution claim if he "knowingly provided false information, thereby unduly influencing the prosecutor") (citing *Smithfield Packing*, 169 Md.App. at 595); *Dart Drug*, 77 Md.App. at 491-93 (holding that because defendant failed to provide police with exculpatory evidence regarding the plaintiff, summary judgment was inappropriate as to a malicious prosecution claim).

Construing the facts in the light most favorable to the Plaintiff, a reasonable jury could conclude that Officer Prawdzik presented false information to Corporal Pile when he

alleged that Plaintiff was the aggressor in the fight.   Simply providing Officer Pile false information, however, is not enough to find that he "instituted" the criminal proceeding against Plaintiff.   "That information must also have unduly influenced [Corporal Pile] to commence or continue the proceedings." *Smithfield Packing*, 169 Md.App. at 599 (citing *Wood*, Md.App. at 701).

Plaintiff produced deposition testimony evincing that Officer Prawdzik was the aggressor in the confrontation.   (ECF Nos. 124-1, at 76; 124-2, at 70-76).   If this statement is credited, Prawdzik provided a false statement to the arresting officer by telling Pile that Plaintiff first attacked him. Corporal Pile further testified that he relied only on this statement from Officer Prawdzik and the fact that Prawdzik had a contusion on his head in deciding that there was probable cause to arrest Plaintiff.   He did not interview Plaintiff before swearing out an arrest warrant, nor did he question the neighbor who called 911 to report the attack.   This does not constitute an independent investigation that might otherwise absolve Officer Prawdzik of liability.   *Wood*, 47 Md.App. at 701 (noting that a defendant is not liable for malicious prosecution if "the officer makes an independent investigation") (quoting Prosser, Law of Torts 836-37 (4th ed. 1971)).   Therefore, Plaintiff has presented evidence that Officer Prawdzik's statement was the

persuasive, "determining factor in inducing the officer's decision" to prosecute Plaintiff, and Officer Prawdzik thus instituted the proceedings against Plaintiff. *Id.; see also Martens v. Mueller*, 122 Md. 313, 321 (1914) ("[I]f there was any evidence tending to show that the swearing out of the warrant was directed or authorized by the defendant, or that he voluntarily aided or assisted in the prosecution, a case was made out for submission to the jury.") (internal quotations and citations omitted).

### b.   Resolution in Plaintiff's Favor

Defendants do not contest that following Plaintiff's arrest, he was charged with assault.  It is also uncontested that the state declined to prosecute for lack of evidence. Thus, a reasonable jury could find that Plaintiff satisfies the first two elements of the tort against Officer Prawdzik.

### c.   Probable Cause

To determine whether Officer Prawdzik had probable cause to institute the criminal proceedings against Plaintiff, there must be "facts and circumstances within the officer's knowledge [which] would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984); *see also Cox v. State*, 161 Md.App. 654, 668 (2005) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn

from the facts known to the arresting officer at the time of the arrest.").

Plaintiff ultimately was charged with second degree assault. The elements of that crime must be examined to determine whether probable cause existed in this instance. In Maryland, second degree assault codifies and criminalizes common law assault. *See* MD Code Ann. Crim. Law § 3-203 (West 2010); *Nicolas v. State*, 426 Md. 385, 403 (2012) (noting that "the offense of second degree assault retains its common law meaning [and] . . . is committed by causing offensive physical contact with another person."). For second degree assault, the Maryland Criminal Pattern Jury Instructions require the State to prove that Plaintiff: (1) caused offensive physical contact with, or harm to, the victim; (2) the contact was the result of an intentional or reckless act and was not accidental; and (3) the contact was not consented to by the victim or was not legally justified. *See* MPJI-Cr 4:01 (2007 Supp.); *Epps v. State*, 333 Md. 121, 127 (1993).

The parties present two very conflicting versions of what transpired among Plaintiff, Prawdzik, and Heidenberg. These disputed facts go to the heart of whether probable cause existed to arrest Plaintiff for second degree assault, rendering summary judgment inappropriate.

With regard to Plaintiff's arrest, Plaintiff and Mr. Heidenberg both testified that neither man ever struck Officer Prawdzik. What transpired between the parties and Mr. Heidenberg is a matter of disputed fact that that is determinative of whether Officer Prawdzik was acting within the contours of his authority during the altercation. Construing the facts in the light most favorable to Mr. Crouch, it cannot be said, as a matter of law that Officer Prawdzik had probable cause to initiate proceedings against Plaintiff for the crime of second degree assault.

### d. Malice

The Court of Appeals of Maryland has long held that "the 'malice' element of malicious prosecution may be inferred from a lack of probable cause." *Okwa*, 360 Md. at 188 (internal citations omitted). Further, summary judgment on a malicious prosecution claim is improper where there are genuine issues of material fact as to whether a defendant had probable cause to institute criminal proceedings against a plaintiff. *See id.* (vacating summary judgment on a malicious prosecution claim and concluding that "[b]ecause we have determined Appellees may not have had probable cause to arrest Mr. Okwa, further analysis of [the malice] element is unnecessary."). Therefore, summary judgment in Officer Prawdzik's favor on Plaintiff's malicious prosecution claim is inappropriate because questions of material

fact exist as to whether he had probable cause to initiate proceedings against Plaintiff, and malice may be inferred from a lack of probable cause.[2]

Finally, under Maryland law, a public official is immune from tort liability if he or she acted "in a discretionary capacity, without malice, and within the scope of the official's employment or authority." *Livesay v. Baltimore Cnty.*, 384 Md. 1, 12 (2004) (quoting MD Code Ann. Cts. & Jud. Proc. § 5-507(b)(1) (West 1997)). Because a reasonable jury may find that Officer Prawdzik acted maliciously, he is not entitled to public official immunity.

### 2. Corporal Pile

The first two elements of a malicious prosecution claim are met as to Corporal Pile because he swore out an arrest warrant and arrested Plaintiff. Whether he had probable cause to arrest Plaintiff is a separate question that must be analyzed independently from whether Officer Prawdzik had probable cause to institute the proceedings against Plaintiff. *See Nasim*, 726 F.Supp. at 1026 (in malicious prosecution analysis, separately

---

[2] As discussed, Plaintiff offers facts that Officer Prawdzik beat Plaintiff with a pistol, without provocation. These facts alone could establish Officer Prawdzik's malice. *See Sawyer v. Humphries*, 322 Md. 247, 261 (1991) (holding that, under the Maryland Tort Claims Act, "[w]restling another to the ground, pulling his hair, and hitting him on the face, [] without cause or provocation, is certainly malicious conduct.").

analyzing probable cause for the proceeding-initiating defendant and the arresting police officer, when the defendant allegedly provided critical evidence to the police officer who later arrested the plaintiff).  Because the circumstances warranted a reasonable officer in Corporal Pile's position to believe in good faith that Officer Prawdzik was the victim of an assault at the hands of Plaintiff, probable cause exists.  "[I]t is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim." *McKinney v. Richland Cnty. Sheriff's Dep't*, 431 F.3d 415, 418 (4th Cir. 2005); *see also Beauchamp v. City of Noblesville, Indiana*, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); *cf. Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999) (noting that "once probable cause has been established, officials have 'no constitutional obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence.'") (quoting *Eversole v. Steele*, 59 F.3d 710, 718 (7th Cir. 1995)).  In *Spiegel*, probable cause for battery was found on the basis of a single victim's statement and a single bruise on the victim's body.  The Seventh

14

Circuit reversed the district court's refusal to dismiss a 42 U.S.C. § 1983 claim because the police officers may have lacked probable cause by failing to investigate potentially exculpatory evidence. *See* 196 F.3d 717. The Seventh Circuit concluded that probable cause existed notwithstanding a host of otherwise conflicting facts available at the time of arrest. *Id.* at 724 (noting that inconsistent and conflicting facts may "tend to establish [complainant's] bias, these facts do not render [complainant's] report incredible as a matter of law"). The court explained that:

> [P]olice officers need not exclude every suggestion that a victim is not telling the truth. Many putative defendants protest their innocence, and it is not the responsibility of law enforcement officials to test such claims once probable cause has been established. Consequently, the law does not require that a police officer conduct an incredibly detailed investigation at the probable cause stage. Accordingly, the inquiry is whether an officer has reasonable grounds on which to act, not whether it was reasonable to conduct further investigation . . . . The credibility of a putative victim or witness is a question, not for police officers in the discharge of their considerable duties, but for the jury in a criminal trial.

*Spiegel*, 196 F.3d at 724-25 (internal citations and quotations omitted).

Similarly here, Corporal Pile's failure to interview Plaintiff or any other witnesses, including the citizen who

called 911 to report the altercation, does not undermine the determination that probable cause existed to arrest Plaintiff for second degree assault.  Once Corporal Pile received Officer Prawdzik's statement that Plaintiff attacked him and saw Prawdzik's apparent injury, Pile had probable cause to arrest; at that stage, he had no duty to investigate every avenue that might yield exculpatory evidence.  *See Brewer v. Mele*, 267 Md. 437, 450 (1972) (affirming dismissal of malicious prosecution claim, and noting that "[o]nce the investigating policeman has crossed the threshold of probable cause, we will not place upon him the additional burden of seeking out and negating possible explanations of [guilt], lest he press charges at his own peril.").

Construing the facts in the light most favorable to Plaintiff, Corporal Pile had probable cause to arrest Plaintiff. Therefore, Plaintiff has not made out every element of his malicious prosecution claim, and summary judgment in favor of Corporal Pile is appropriate.

### 3.   Lieutenant Roski

Finally, summary judgment will be granted on Plaintiff's malicious prosecution claim against Lieutenant Roski because he fails to show facts that could establish the first element, that is, that Lieutenant Roski instituted a criminal proceeding against Plaintiff.   Indeed, Roski's *only* alleged role in

Plaintiff's arrest and prosecution is that, at some point after Plaintiff was arrested, he became aware of an alternate version of events that ultimately became the basis for Officer Prawdzik's emergency suspension. Plaintiff has offered no evidence that Lieutenant Roski played any part in the decision to initiate or continue the prosecution of Plaintiff. Therefore, Roski is entitled to summary judgment on the malicious prosecution claim.[3]

**B.   Defamation and False Light Invasion of Privacy[4]**

Plaintiff alleges that Officer Prawdzik defamed him by falsely accusing him of assault, which resulted in his arrest, and publishing that arrest on the Maryland Judiciary's Courts

---

[3] Lieutenant Roski and Corporal Pile also argue that they are entitled to common law and statutory immunity. Because summary judgment is warranted on the underlying facts, this question is moot and will not be reached. *See Alabama v. North Carolina*, 130 S.Ct. 2295, 2316 (2010) ("The summary judgment disallowing the underlying claims on their merits renders the . . . immunity question . . . moot"); *Charles v. Baesler*, 910 F.2d 1349, 1352 (6th Cir. 1990) ("Our resolution of this case on the merits accordingly moots the subsidiary immunity . . . issues raised by the parties").

[4] Plaintiff advances both defamation and false light claims. Plaintiff's false light claim does not need to be addressed separate and apart from his defamation claim because "[a]n allegation of false light must meet the same legal standards as an allegation of defamation." *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (citing *Harnish v. Herald-Mail Co.*, 264 Md. 326, 337 (1972)).

and Judicial Information Systems website.[5]   Plaintiff failed to offer any facts demonstrating that he suffered an injury as a result of the allegedly defamatory statement.   Therefore, summary judgment in Officer Prawdzik's favor is appropriate on this claim.

To survive a motion for summary judgment on a defamation claim under Maryland law, Plaintiff must show facts that establish four elements:   "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Piscatelli*, 424 Md. at 306 (internal quotations omitted).   Plaintiff characterizes his arrest as an undisputed "reputation-killing event" that is defamatory *per se*.   (ECF No. 127, at 16-17, 22).   Even if the defamatory nature of the words are assumed as defamatory *per se*, a plaintiff must still show evidence of injury to survive a motion for summary judgment. *See Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441-42 (2009) (noting that instances of both defamation *per se* and

_____

[5] For a claim of defamation, public officials are entitled to qualified, not absolute, immunity. *See Smith v. Danielczyk*, 400 Md. 98, 123-25 (2007) (noting that police officers enjoys only qualified immunity from defamation for statements used to obtain arrest warrant).   As discussed above, a factfinder could conclude that Officer Prawdzik acted with malice, which would preclude immunity.

defamation *per quod* require proof of injury to establish *prima facie* case of defamation). Plaintiff has asserted other causes of action seeking compensation for the damages allegedly caused by the arrest. Aside from asserting that the arrest hurt his reputation in the community, Plaintiff has not proffered any evidence that he suffered any injury as a result of the alleged defamation. Further, "there is no 'defamation by arrest' cause of action in Maryland." *Thacker v. City of Hyattsville*, 135 Md.App. 268, 314 (2000) (affirming entry of summary judgment for lack of evidence of actual injury when other causes of action are asserted in connection with arrest). Because Plaintiff offers no evidence of an injury resulting from Officer Prawdzik's allegedly defamatory statement, Officer Prawdzik is entitled to summary judgment on this claim.

**C.   IIED**

Officer Prawdzik also seeks summary judgment on Plaintiff's IIED claim, contending that Plaintiff has abandoned it. Officer Prawdzik's contention is persuasive.

In his opposition, Plaintiff responded to all of the claims for which Officer Prawdzik moved for summary judgment except the claim for IIED. "A plaintiff's failure to respond to a summary judgment motion may constitute a waiver or abandonment of a claim." *Estate of Edgerton v. UPI Holdings, Inc.*, No. CCB-09-1825, 2011 WL 6837560, at *4 (D.Md. Dec. 28, 2011) (citing

*Mentch v. Eastern Sav. Bank, FSB*, 949 F.Supp. 1236, 1246-47 (D.Md. 1997) (finding that the plaintiff "abandoned her harassment claim by failing to address that claim in her opposition to [defendant's] motion for summary judgment, or to offer clarification in response to [defendant's] reply brief" even when the facts support plaintiff's abandoned claim)). Because Plaintiff failed to respond to Defendant's motion for summary judgment on his IIED claim, he abandoned it, and summary judgment in favor of Officer Prawdzik is appropriate.

## IV.  Conclusion

For the foregoing reasons, the motion for summary judgment filed by Defendants Roski and Pile will be granted, and the motion for summary judgment filed by Defendant Prawdzik will be granted in part and denied in part.  A separate order will follow.

                                        /s/
                               _____
                               DEBORAH K. CHASANOW
                               United States District Judge